**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL WAYNE TRAMMELL,

Plaintiff-Appellant,

v.

KATHLEEN HAWK SAWYER,
Director, Bureau of Prisons,

Defendant-Appellee.

No. 00-6150
(W. District of Oklahoma)
(D.C. No. 99-CV-1546-C)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

Michael Trammell, a federal prisoner proceeding *pro se*, brought this

mandamus action in district court pursuant to 28 U.S.C. § 1361. Trammell

requested that the district court direct the respondent Director of the Bureau of

Prisons, Kathleen Hawk-Sawyer, to "administer proper and sufficient medical

treatment care and maintenance." Trammell further requested that his care be

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

administered by a certain private physician in Wichita, Kansas. The district court dismissed the mandamus petition on the following two grounds: (1) Trammell had not exhausted his administrative remedies; and (2) Trammell had an adequate remedy at law pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Trammell then filed the instant appeal, challenging the district court's dismissal of his mandamus action.

On September 14, 2000, this court issued an order to show cause directing the parties to address whether Trammell's mandamus action is moot. In particular, this court noted that it appeared from the record that Trammell had completed his term of incarceration and was presently serving a separate term of supervised release. This court's order to show cause directed the parties to address whether Trammell's release from custody into supervised release mooted his mandamus petition, which petition focused exclusively on the type of medical care Trammell sought and received during his incarceration.

In response to the order to show cause, the respondent confirmed that Trammell had been released from custody into supervised release and asserted that Trammell's mandamus action was moot under this court's decision in *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999). In *McAlpine*, the petitioner sought mandamus to force the prison warden to provide peyote at

Native American Church ceremonies. After the case was dismissed by the district court on the merits, but before a decision was reached by this court, the petitioner was released from custody into supervised release. Noting the jurisdictional implications, the *McAlpine* court concluded

> the issue before us is whether a claim of a prison inmate seeking prospective mandamus relief solely related to conditions of confinement becomes mooted by that inmate's subsequent release on parole or supervised release. We answer that question in the affirmative.

*Id.*

Rather than filing a response to this court's show cause order, Trammell filed a Request for Continuance, requesting forty-five additional days to respond. In support of this request, Trammell recounted the seriousness of his medical condition and financial limitations. Nevertheless, it is readily apparent from Trammell's response that he is no longer incarcerated in federal prison.[1]

Although this court is not unsympathetic to Trammell's serious medical and financial plight, it is absolutely clear that this court's opinion in *McAlpine* controls the disposition of this case. *McAlpine* made clear that

---

[1]On November 15, 2000, Trammell filed a second request for a continuance, requesting that this court defer all action in this case until January 15, 2001. That second request reasserts that Trammell's medical condition is serious but contains no further information relevant to the question of whether this case is moot.

when an inmate's claim for prospective injunctive relief regarding conditions of confinement becomes moot due to the inmate-plaintiff's release from confinement, the inmate's parole or supervised release status does not, absent some exceptional showing, bring that claim under the narrow "capable of repetition, yet evading review" exception to the mootness doctrine.

*Id.* Because Trammell's petition was limited to a request for mandamus relief under § 1361, and because the requested relief related exclusively to Trammell's conditions of confinement in federal prison, Trammell's release from custody into supervised relief renders this case moot. *See id.* Accordingly, this court **DENIES** Trammell's requests for a continuance and **REMANDS** to the district court with instructions to vacate its order and dismiss the case as moot. *See id.*

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-